# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| JOHN Z. TURK,<br>　　　　　Appellant, | DOCKET NUMBER<br>CH-1221-18-0186-W-1 |
|　　　v. | |
| DEPARTMENT OF VETERANS<br>　　AFFAIRS,<br>　　　　　Agency. | DATE: May 3, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

John Z. Turk, Eastlake, Ohio, pro se.

Amber Groghan, Esquire, Akron, Ohio, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his appeal as settled. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b). We further FORWARD the appellant's claim that the agency breached the settlement agreement to the regional office for docketing as a petition for enforcement.

## BACKGROUND

The agency removed the appellant from his position as a Medical Technologist for inappropriate conduct, failure to follow a standard operating procedure, and failure to follow a supervisory instruction, effective October 13, 2017. Initial Appeal File (IAF), Tab 5 at 34-37, 63-66. The appellant filed a complaint with the Office of Special Counsel (OSC) in which he alleged that the agency had committed prohibited personnel practices and retaliated against him for whistleblowing.[2] *See* IAF, Tab 1 at 22-24. On November 30, 2017, OSC informed the appellant that it had closed its file regarding his allegations and notified him of his right to seek corrective action from the Board. *Id.*

The appellant timely filed an individual right of action appeal alleging that the agency had made him work overtime without pay, allowed agency employees to harass him, suspended him, removed him, and denied him health insurance coverage in retaliation for his whistleblowing activity. *Id.* at 5. During the

---

[2] The record contains a copy of OSC's closure letters to the appellant, which reference the appellant's OSC complaint, but does not contain a copy of the complaint. *See* IAF, Tab 1 at 22-24.

pendency of the appeal, the parties executed a settlement agreement. IAF, Tab 25 at 4-6. On April 24, 2018, the administrative judge issued an initial decision finding that the agreement was lawful on its face, and that the parties had freely entered into the agreement, understood its terms, and intended to have the agreement entered into the record. IAF, Tab 26, Initial Decision (ID) at 1-2. The administrative judge entered the agreement into the record for enforcement purposes and dismissed the appeal as settled. ID at 2-3.

The appellant has timely filed a petition for review in which he alleges that he lost a job offer because an agency employee conveyed to the employer that he was terminated and forced to resign from the agency.[3] Petition for Review (PFR) File, Tab 1 at 4. He argues that the Standard Form (SF) 50 showing his resignation does not reflect that his resignation was voluntary, which was a mistake that allows the agency to state to prospective employers that his resignation was forced upon him. *Id.* at 4-5. The appellant states that the SF-50 should be modified to state in the nature of the action or the remarks section of the document that the resignation is voluntary so that he can prove to prospective employers that his resignation was voluntary. *Id.* at 5. The agency has filed an

---

[3] Although the Clerk of the Board docketed the petition for review on July 13, 2018, approximately 6 weeks after the initial decision became final on May 29, 2018, the Clerk found the petition to be timely filed on May 23, 2018. Petition for Review (PFR) File, Tab 1 at 1, Tab 2 at 1. On May 23, 2018, the appellant submitted a petition for review; it appears that he sent it to both the Clerk of the Board and to the regional office. *Turk v. Department of Veterans Affairs*, MSPB Docket No. CH-1221-18-0186-C-1, Compliance File (CF), Tab 1, Petition for Enforcement (May 23, 2018). The regional office docketed the pleading as a petition for enforcement; however, the appellant informed the administrative judge that he intended to pursue a petition for review, and the administrative judge dismissed the petition for enforcement as withdrawn. CF, Tabs 2, 6, 11. The appellant subsequently re-filed his petition for review with the Clerk of the Board. PFR File, Tab 1. When a party files a petition for review within the time limit prescribed by 5 C.F.R. § 1201.114(e), but mistakenly files it with one of the Board's regional offices instead of with the Clerk of the Board, the Board will accept it as timely filed. *Sumner v. Office of Personnel Management*, 87 M.S.P.R. 542, ¶ 4 (2001). Accordingly, we agree with the administrative judge that the appellant's petition for review was timely filed.

opposition to the petition, and the appellant has filed a reply to the agency's opposition.[4]  PFR File, Tabs 3, 5.

## DISCUSSION OF ARGUMENTS ON REVIEW

A settlement agreement is a contract between the parties, and its terms are to be interpreted as a question of contract law.  *Wofford v. Department of Justice*, 115 M.S.P.R. 468, ¶ 6 (2010).  An appellant may challenge the validity of a settlement agreement if he believes it was unlawful, involuntary, or the result of fraud or mutual mistake.  *Id.*  However, the party challenging the validity of a settlement agreement bears a heavy burden of showing a basis for invalidation.  *Id.*

On review, the appellant contends that the omission in his resignation SF-50 of a statement that the resignation is voluntary was a mistake in creating the SF-50 contemplated by the settlement agreement.  PFR File, Tab 1 at 4-5.  To the extent that the appellant argues that the settlement agreement is void on the basis of mutual mistake, he has not met his burden.  A mutual mistake of fact is a

---

[4]  The appellant's reply to the agency's opposition was untimely filed on August 3, 2018.  PFR File, Tab 5.  The appellant moved to waive the time limit to file his reply, alleging in a sworn statement that he did not receive the agency's opposition to his petition for review until he learned of it during an August 3, 2018 telephone call with the Office of the Clerk of the Board.  *Id.*  There is no indication that the agency sent its opposition to an incorrect address.  *See* PFR File, Tab 3.  The appellant has not shown good cause for his untimely filing, but even if we were to consider the appellant's reply, we find that he has not established any basis for granting his petition for review.  *See* 5 C.F.R. § 1201.22(b)(3) (providing that correspondence which is properly addressed and sent to the appellant's address via postal or commercial delivery is presumed to have been duly delivered to the addressee).  The appellant has subsequently filed three motions requesting to supplement his petition for review.  PFR File, Tabs 7, 9, 13.  The appellant argues that he should be permitted to do so because the administrative judge "made comments" to the Clerk of the Board after he filed his petition for review and wishes to respond to the alleged comments, and he requests additional time to provide additional evidence about his lost job opportunities.  PFR File, Tab 7 at 2, 9 at 2, Tab 13 at 3.  The agency has opposed the first two motions.  PFR File, Tab 10.  We find no evidence that the administrative judge improperly communicated with the Clerk of the Board; additionally, the appellant does not identify the additional evidence or explain how it is relevant and why it was not available at the time he filed his petition for review.  Accordingly, the appellant's motions are denied.

shared, mistaken belief of the parties regarding a material assumption of fact underlying their agreement. *Vance v. Department of the Interior*, 114 M.S.P.R. 679, ¶ 12 (2010). In construing a settlement agreement, the Board will first consider the terms of the agreement itself, which are of paramount importance in determining the intent of the parties at the time they contracted. *Harris v. Department of Veterans Affairs*, 99 M.S.P.R. 609, ¶ 4 (2005). The Board will only examine extrinsic evidence if the terms of the agreement are ambiguous, meaning they are susceptible to more than one reasonable interpretation. *Id.*

Here, the settlement agreement provides that the agency will "remove the removal SF-50 from Appellant's [electronic Official Personnel Folder (eOPF)]" and "create an SF-50 . . . noting his resignation for personal reasons" that will "stay in Appellant's eOPF." IAF, Tab 25 at 4. The SF-50 at issue states that the appellant resigned for personal reasons. PFR File, Tab 1 at 15. It is devoid of reference to the appellant's removal or an involuntary action. *Id.* In the absence of any reference in the resignation SF-50 suggesting that the appellant's resignation was involuntary, the SF-50, on its face, reflects that the appellant's resignation was voluntary.

To the extent that the appellant argues that the parties intended for the resignation SF-50 to explicitly state that his resignation was voluntary, we find his argument unpersuasive. PFR File, Tab 1 at 4-5. The agreement is silent as to whether the resignation SF-50 should include such a statement. IAF, Tab 25 at 4-6. However, the parties specifically provided in the agreement that the SF-50 would state that the appellant's resignation was for personal reasons, but did not include any additional provisions regarding the SF-50, which reflects that the parties did not intend to include any additional provisions at the time they made the agreement. *See id.* at 4. The Board will not read a nonexistent term into a settlement agreement that is unambiguous. *Galatis v. U.S. Postal Service*, 109 M.S.P.R. 651, ¶ 10 (2008). Additionally, the appellant has not provided any evidence that, at the time the agreement was made, the parties intended for the

agreement to provide for his desired statement. Thus, the appellant has not shown that the parties acted under mutual mistake in omitting a provision from the settlement agreement that provided for an SF-50 that explicitly stated that the appellant's resignation was voluntary.

The issue underlying the appellant's petition is his allegation that an agency employee informed a potential employer that the appellant was removed from the agency, causing him to lose a job offer. *See* PFR File, Tab 1 at 4. The Board and its reviewing court have construed a settlement agreement that, like here, calls for the rescission of a removal and issuance of an SF-50 showing resignation, to constitute a promise by the agency to "eras[e] 'removal' and all reasons for such a removal from [the employee's] professional record with the agency"; in other words, to provide the employee with a "clean record." *See Vance*, 114 M.S.P.R. 679, ¶ 8 (quoting *Conant v. Office of Personnel Management*, 255 F.3d 1371, 1376 (Fed. Cir. 2001)). The Board has also found that such a "clean record" settlement agreement prohibits the agency from disclosing removal-related documents to third parties and dictates that the agency's communications with third parties "reflect what the replacement SF-50 shows, i.e., that [the employee] resigned, and that it not disclose the circumstances of the removal." *Vance*, 114 M.S.P.R. 679, ¶¶ 8-9 (quoting *Torres v. Department of Homeland Security*, 110 M.S.P.R. 482, ¶ 12 (2009)).

Thus, the appellant appears to state a claim that the agency breached the settlement agreement by disclosing to a third party that the appellant was removed. Allegations of noncompliance with a settlement agreement should be addressed in the first instance by the administrative judge. *Secrist v. U.S. Postal Service*, 115 M.S.P.R. 199, ¶ 8 (2010); 5 C.F.R. § 1201.182(a). Accordingly, we FORWARD the appellant's allegations of noncompliance to the Central Regional

Office for processing as a petition for enforcement.[5]  *See Secrist*, 115 M.S.P.R. 199, ¶ 9.

## NOTICE OF APPEAL RIGHTS[6]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all

---

[5] In January 2019, the appellant filed a petition for enforcement of the settlement agreement in the regional office, which the regional office docketed as a separate case. PFR File, Tab 15 at 1-30.  The petition for enforcement, as well as several other pleadings the appellant subsequently filed, alleged that the appellant has not been able to obtain a job because the agency breached the settlement agreement. *See, e.g.*, *id*. at 12-13.  After reviewing the appellant's pleadings, the administrative judge determined that the appellant had renewed the same allegations of breach set forth in his petition for review in the instant case.  *Id*. at 118-19.  The administrative judge closed the separate case and forwarded the petition for enforcement and related pleadings to the Board for consideration in the instant case.  *Id*.  We agree that the petition for enforcement raises similar allegations of breach, but with respect to new job prospects.  Accordingly, the regional office shall consider both those allegations of breach raised in the appellant's petition for review and those set forth in his January and February 2019 filings.  *Id*. at 1-26, 39-117.  Additionally, to the extent the appellant is alleging that he was not selected for a position because he is a veteran, he may seek corrective action under the Veterans Employment Opportunities Act of 1998 or the Uniformed Services Employment and Reemployment Rights Act of 1994.  *See id*. at 12-13.  The appellant's motion for leave to file an additional pleading regarding the petition for enforcement is denied.  *See* PFR File, Tab 17.

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions to provide a comprehensive summary of all available review options.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative receives</u> this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.